*Pryor, for appellants.*

*J. B. Finnell, for appellee.*

---

## Josiah S. Joplin, etc., *v.* C. E. Raddin, etc.

**Appeal—Jurisdiction—Amount of Controversy.**
> . The Court of Appeals has jurisdiction on appeal of a judgment for $42.21 against an assignor of a lease for repairs of the leased premises made by the lessee.

**Landlord and Tenant—Repairs.**
> On the assignment of a lease, and in the absence of an express covenant on the part of the assignee to make repairs on the leased premises, the law will not imply such a promise.

APPEAL FROM JEFFERSON CIRCUIT COURT.

April 19, 1873.

OPINION BY JUDGE PETERS:

On the 1st of December, 1869, Cochran, as executor of T. E. Wilson, deceased, leased to Reynolds & Joplin a certain six-story brick warehouse in the city of Louisville for the term of three years at an annual rent of $5,500, payable monthly, and the lessees covenanted that they would at the end of the term, or if the lease should be forfeited, return the premises in as good order as when received, ordinary wear and loss by fire without the tenant's fault, and destruction or injury by the act of God excepted.

The lessees assigned the lease to Raddin & Co. on the 13th of June, 1871, with the assent of the lessor. The assignees entered into possession of the leased premises prior to September, 1871, and finding the house needing repairs, had some glazing and other work done to the amount of $42.21, and then warranted their assignors for the same.

The justice who tried the warrant dismissed it; they then appealed to the Jefferson County Court, and then succeeded in recovering

judgment for the amount claimed, and from that judgment Joplin & Co. have appealed to this court.

As to the question of the jurisdiction of this court, raised by the attorney for appellees, we must regard that as not now an open question; the jurisdiction of the court in like cases was sustained in *Commercial Bank v. Benedict, etc.,* 18 B. M. 307, and in subsequent cases.

When appellees took the assignment of the lease and entered on the leased premises the repairs were needed which they subsequently had made, and still they neither took the written obligation nor parol promise of appellant to have them made; but in the assignment appellees expressly assumed to perform all the covenants that their assignors were bound to perform, one of which was to return the premises in as good repair as when received; and in order to discharge that undertaking it may have been necessary for them to have the repairs made. But in the absence of an express covenant on the part of appellants to make the repairs, the law will not imply a promise to make them.

The judgment must therefore be reversed and the cause remanded with directions to affirm the judgment of the justice dismissing the warrant.

*Badjer & McGuire, for appellants.*

*Mundy, for appellees.*